**UNITED STATES, Appellee,**

v.

**Sergeant Darryl PINKSTON, 191–56–0848, United States Army, Appellant.**

**ACMR 9001284.**

U.S. Army Court of Military Review.

4 Jan. 1991.

---

**556**

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before NAUGHTON, CORRIGAN and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

CORRIGAN, Judge:

The appellant was found guilty by a general court-martial consisting of officer and enlisted members of wrongfully distributing 0.276 grams of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. IV 1986). The court sentenced the appellant to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority as a matter of clemency reduced the confinement to five years, but otherwise approved the sentence as adjudged.

The appellant contends that the military judge erred by admitting the report of a laboratory analysis of the cocaine and that absent the report there is insufficient evidence to support the findings of guilty. The government contends that the military judge properly admitted the laboratory report and took judicial notice, though not announced to the court, that the laboratory was one that employed scientific methods and had routinely been used in the past. On appeal, both the appellant and the government join the issue of the appropriateness of the military judge's taking judicial notice. The arguments on judicial notice are misplaced. We hold the report was properly admitted and that there is sufficient evidence to support the findings of guilty beyond a reasonable doubt.

■ The laboratory report was properly admitted as a business record. Manual for Courts–Martial, United States, 1984, Mil.R. Evid. 803(6). The trial counsel laid a proper foundation by calling the local evidence custodian who identified the chain of custody document that was mailed to and received, together with the report, from the laboratory with which he routinely dealt. He also testified that he recognized the signature of the authenticating official at the laboratory and that as custodian he filed the report in the ordinary course of business. The foundation under Mil.R. Evid. 803(6) was thereby properly laid for admissibility of the report. *United States v. Porter*, 12 M.J. 129 (C.M.A.1981); *United States v. Cordero*, 21 M.J. 714 (A.F.C.M. R.1985); *see United States v. Strangstalien*, 7 M.J. 225 (C.M.A.1979).

■ Once properly admitted, the choice on whether to challenge the conclusions of the report rested with appellant. He could have demanded the production of the examiner. *United States v. Broadnax*, 23 M.J. 389, 393 (C.M.A.1987) (Cox, J., concurring). In the absence of such request, the evidence is sufficient to support the findings of guilty. The criminal investigator who made a controlled purchase of the alleged cocaine testified that the substance he received from the appellant looked like "rock cocaine" and that he conducted a field test which revealed the presence of cocaine. This evidence together with the report are more than sufficient to support the findings of guilty. *United States v. Matias*, 25 M.J. 356 (C.M.A.1987), *cert. denied* 485 U.S. 968, 108 S.Ct. 1242, 99 L.Ed.2d 441 (1988)[1]; *United States v. Tyler*, 17 M.J. 381 (C.M.A.1984).

The remaining assignments of error, including those personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge JOHNSTON concur.

---

1. As a related reference, *see Matias v. United States*, 19 Cl.Ct. 635 (Cl.Ct., 1990).